UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| POWELL 5, LLC and<br>CHAD POWELL,<br>　　　　Plaintiffs,<br>v.<br><br>UNDERWRITERS AT LLOYD'S<br>LONDON, SYNDICATE NO. 2984,<br>　　　　Defendant. | No. 1:24-CV-393<br><br>Judge<br>_____<br><br>Magistrate<br>_____ |

## NOTICE OF REMOVAL

Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy B0142AA1902079, improperly named in Plaintiff's Complaint as "Underwriters at Lloyd's London, Syndicate No. 2984," ("Underwriters") remove to this Court the civil action filed by Plaintiffs Powell 5, LLC and Chad Powell ("Plaintiffs") in the Circuit Court of Baldwin County, Alabama, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as follows:

## STATEMENT OF REMOVAL

1.　On or about September 13, 2024, Plaintiffs filed a Complaint and Petition for Relief against Underwriters in the Circuit Court of Baldwin County, Alabama, Case No. 05-CV-2024-901302.00 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint filed in the State Court Action is attached to this Notice. A true and correct copy of the docket entries for the State Court Action is filed as Exhibit A.

3. Underwriters were served through their registered agent on September 23, 2024. A true and correct copy of the Service of Process Notification is attached as Exhibit B.

4. Under 28 U.S.C. § 1441(a), removal of an action originally filed in a state court is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."

5. Additionally, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

6. Diversity jurisdiction exists and this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) the parties are completely diverse; and (2) Plaintiffs seek damages in excess of $75,000.

7. In removing this matter to this Court, Underwriters do not intend to waive any defenses they might have, including, but not limited to, improper service, personal jurisdiction, and/or venue.

## **DIVERSITY OF CITIZENSHIP**

8. The parties are completely diverse because (1) Plaintiffs are citizens of Georgia; and (2) the sole insurer subscribing to the Policy is a citizen of the United Kingdom.

### A. **Plaintiffs Powell 5, LLC and Chad Powell are citizens of Georgia**

9. For purposes of diversity jurisdiction, an individual's citizenship is determined by their domicile, which can be established by an individual's residence and an intent to remain there. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Plaintiff is a domiciliary of Georgia, who maintains a residence at 2421 Bagley Road, Cumming GA 30041 and intends to remain there. *See* Ex. A. *See, e.g., Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171-72 (11th Cir. 2007); *Ridley v. Columbian Life Ins. Co.*, No. 5:21-cv-00131-TES, 2021 U.S. Dist. LEXIS 199624, at *1 (M.D. Ga. May 18, 2021). He is therefore a citizen of Georgia.

10. Plaintiff Powell 5, LLC is a Georgia limited liability company *See* Records from the Georgia Secretary of State's Office, a true and correct copy attached as Exhibit C. The citizenship of a limited liability company is determined by the citizenship of all of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021 (11th Cir. 2004).

11. Powell 5, LLC's sole member is Chad Powell who, as noted above, is a citizen of Georgia, based on his residency and intent to remain there. *See* Email Correspondence from Plaintiff's Counsel Dated October 18, 2024, a true and correct copy attached as Exhibit D. Therefore Plaintiff Powell 5, LLC is a citizen of Georgia.

B. **The Sole Insurer Subscribing to the Policy is a citizen of the United Kingdom**

12. Certain Underwriters at Lloyd's, London refers to an unincorporated association of members that insure risks through the Lloyd's of London insurance market. A member or members subscribe to risks through syndicates, which are administrative entities. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010). Here, Syndicate 2987's member subscribed to the Policy. *See* Policy at Table of Syndicates, a true and correct copy of the Policy attached as Exhibit E. Brit UW Limited ("Brit") is the sole member of Syndicate 2987.[1]

13. Brit is a private limited company organized under the laws of England and Wales with its principal place of business in the United Kingdom. A private limited company is treated like a corporation for diversity purposes. *SHLD, LLC v. Hall, 15 CIV. 6225 LLS*, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015); *see also Simon Holdings PLC Group of Companies U.K. v. Klenz*, 878 F. Supp. 210,

---

[1] The Complaint mistakenly refers to Syndicate 2984, whose members did not participate in this risk.

211-12 (M.D. Fla. 1995). Thus, Brit is a citizen of the United Kingdom for diversity purposes.

14. No other parties have been joined or served in this action.

15. Based on the foregoing, complete diversity exists between Plaintiffs and Defendant for purposes of 28 U.S.C. § 1332(a). *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Specifically, Plaintiffs are citizens of Georgia and Defendant is a citizen of the United Kingdom.

## AMOUNT IN CONTROVERSY

16. The requisite amount in controversy exists where the defendant demonstrates that the claimed damages more likely than not exceed the $75,000 threshold. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 947 (11th Cir. 2000).

17. Plaintiff's Complaint alleges that Underwriters, in bad faith, failed to investigate Powell's loss "properly" as Underwriters "grossly undervalued the damage sustained" and "never issued adequate payment to the Plaintiff on the claim." *See* Ex. A, Compl. at ¶¶ 17 Underwriters deny this allegation.

5

18. Plaintiff's Complaint further alleges that Underwriters intentionally failed to evaluate additional submitted damages by Plaintiffs. *See* Ex. A, Compl. at ¶¶ 20-24. Underwriters deny this allegation.

19. While Underwriters deny that anything further is owed under the Policy or that they are liable to Plaintiffs in any way, Plaintiffs demanded $100,000 prior to filing suit and have confirmed that they are seeking damages in excess of the jurisdictional minimum of $75,000, as required under 28 U.S.C. § 1332(a). *See* Ex. D. Thus, the amount in controversy requirement is met.

## REMOVAL PROCEDURES

20. Underwriters were served through their registered agent on September 23, 2024. *See* Ex. B. Plaintiffs confirmed through counsel on October 18, 2024 the circumstances giving rise to the Court's diversity jurisdiction. *See* Ex. D. Thus, this Notice of Removal is timely.

21. Removal is properly made to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1441(a) because Baldwin County, where the State Court Action is currently pending, is within the Southern District of Alabama, Mobile Division.

22. Underwriters will promptly file written notice of the filing of this Notice of Removal with the Clerk of the Court for the Circuit Court of Baldwin County, Alabama, and will serve same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, by this Notice of Removal, Defendant removes this action to this Court from the Circuit Court of Baldwin County, Alabama, and respectfully requests that this action proceed as properly removed to this Court.

    Respectfully submitted,

    **WOOD, SMITH, HENNING & BERMAN LLP**

    */s/ Joseph M. Aguirre*
Joseph M. Aguirre (AL. Bar No. 2022C63D)
11 North Water Street, 10th Floor
Mobile, AL 36602
Phone: (251) 515-2100
Fax:   (251) 515-2101
Email:  cmccaffrey@wshblaw.com
       jaguirre@wshblaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above has been served upon all counsel of record as follows, via electronic mail, fax, and/or U.S. Mail, this 23rd day of October 2024.

>Neal C. Townsend
>Andrew G. York
>*Attorneys for Plaintiff*
>Townsend Law, LLC
>P.O. Box 2128
>Fairhope, Alabama 36533
>Neal@townsendlawoffice.com
>Andrew@townsendlawoffice.com

*/s/ Joseph M. Aguirre*
